Appellants suggest that under § 501.35 a trustee whose appointment has been confirmed may petition the court not only for the allowance of any account, but also for instructions and for the construction of the trust instrument, and that our decision, holding that an order allowing an account granted under the statute upon notice and hearing has the same finality as a final judgment in an ordinary action and that the orders here involved, other than those which allowed accounts, had only the finality of ordinary orders, would seem to indicate that an order instructing a trustee or construing a trust instrument granted under the statute upon notice and hearing lacked the same finality as an order allowing an account so granted.
We did not mean to so indicate or intimate. The orders, other than those which allowed accounts, were not granted in proceedings under the statute upon notice and hearing. Because that is true, the statute does not apply to the orders other than those which allowed accounts. The statute prescribes a rule of finality only as to orders coming under its coverage. Other orders are ordinary ones and are governed by ordinary rules. Here, the orders, other than those which allowed accounts, were ordinary orders and were governed by ordinary rules, for the reason that they were not granted under the statute. It makes no difference that one of such orders approved in advance action which the trustees proposed to take. While we appreciate appellants' suggestions, it will be time enough to decide the questions suggested when cases arise involving orders instructing trustees and construing trust instruments granted in *Page 247 
proceedings under the statute and when the questions here suggested are raised with respect to such orders and presented for decision.
MR. JUSTICE MAGNEY took no part in the consideration or decision of this case.